UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

ROBERT J. KOLESAR and HEATHER D.
KOLESAR,

Case No. DK 09-03721
Hon. Scott W. Dales
Chapter 7

Debtors.

_____/

## OPINION REGARDING LIFT STAY MOTION

William Freeland, without benefit of counsel, commenced an Adversary Proceeding[1] to except from discharge under 11 U.S.C. § 523(a)(2) and (4), certain claims against Robert and Heather Kolesar (the "Debtors"). In addition, Mr. Freeland filed a Motion for Relief from the Automatic Stay in the Debtors' bankruptcy case (DN 27, the "Motion") seeking "an order granting immediate relief from the automatic stay regarding the lawsuit now pending in the District Court of Johnson County, Kansas, in Case No. 09 CV 00820, Division 14, Chapter 60" (the "Kansas Lawsuit"). See Motion at p. 4. The Debtors, also *pro se*, timely filed an answer to the Motion (DN 37, the "Response"). The court set the matter for a final hearing on September 16, 2009 in Kalamazoo, Michigan at which both Mr. Freeland and Mr. Kolesar appeared without counsel.

At the hearing, the court inquired about the nature of Mr. Freeland's interest in the Kansas Lawsuit, and the relationship of that lawsuit to the Debtors' bankruptcy case. In response, Mr. Freeland referenced his Adversary Complaint, and claimed the Debtors or their affiliated companies fraudulently induced him to "hypothecate" or encumber certain Indiana farm land (the "Indiana Farm") in order to secure the obligations of Kole R & J

[1] Adversary Proceeding No. 09-80328.

Leasing, Inc.[2] under an equipment lease with Commercial Capital Company, LLC. Mr. Freeland claimed the Kansas Lawsuit would somehow affect his interest in the Indiana Farm. Although he was not eager to participate in a court proceeding several hundred miles from home, he felt the need to protect the Indiana Farm by vindicating his rights in the Kansas Lawsuit, which was stayed after the Debtors filed their voluntary Chapter 7 petition. Mr. Freeland is not a plaintiff in the Kansas matter, and it is not clear that he is a defendant, either.[3]

The Debtors, also understandably averse to defending themselves in the distant forum, opposed the Motion because, in their view, the claims at issue in the Kansas Lawsuit were discharged in their bankruptcy. Furthermore, the Debtors argue, the discharge injunction of 11 U.S.C. § 524 prohibits any plaintiff in the Kansas Lawsuit from proceeding against them.[4] See Hamilton v. Herr (In re Hamilton), 540 F.3d 367 (6th Cir. 2008) (explaining the discharge injunction frees debtors from having to assert the discharge as a defense). The Debtors also denied most of the Motion's factual predicates, especially those alleging fraud. The court took the matter under advisement.

Having reviewed the Motion, the Response, Mr. Freeland's Adversary Complaint including the exhibits, as well as the docket in the Debtor's Chapter 7 proceeding, the court denies the Motion for several reasons.

First, the documents attached to Mr. Freeland's Adversary Complaint establish that he quitclaimed the Indiana Farm to Free Land, LLC, and signed the mortgage at issue as the manager of Free Land, LLC -- the mortgagor. Free Land, LLC is therefore

---

[2] At some point, Mr. Kolesar was the president of Kole R & J Leasing, Inc. and the Debtors personally guaranteed the company's obligations under the lease agreement.

[3] The Adversary Complaint purports to list the defendants in the Kansas matter, but Mr. Freeland is not included in the listing. See Adversary Complaint at ¶ 7 (DN 26).

[4] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the docket in this matter, including the Discharge of Debtor entered August 7, 2009. See Discharge of Debtor (DN 35).

the owner of the Indiana Farm, not Mr. Freeland individually. The court assumes that Mr. Freeland created Free Land, LLC for good business reasons, including the limited liability afforded members under corporate law -- a benefit that depends upon treating a limited liability company as an entity distinct from its members and managers. The benefits of conducting affairs through the corporate form, however, come at a price. For example, the members of a limited liability company have no ownership interest in the entity's property, but only in the company itself. Indeed, Mr. Freeland quitclaimed his interest in the Indiana Farm to Free Land, LLC, formally parting with his interest in the asset. See Adversary Complaint at ¶ 9 (DN 26). As a result, though Free Land, LLC may have standing to protect its interest in the Indiana Farm, Mr. Freeland has no such interest, and therefore lacks standing in this court to seek stay relief to protect the property.[5]

Second, it is well-settled that artificial entities such as limited liability companies may appear in federal court only through counsel. Cf. Rowland v. California Men's Colony, 506 U.S. 194 (1993) ("it has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"). The court's local rules confirm this. See LBR 9010-2(a). Mr. Freeland cannot speak for Free Land, LLC, because that company may appear only through counsel, and because Mr. Freeland is not a licensed attorney. See id.; see also Newsom v. Norris, 888 F.2d 371, 381 (6th Cir. 1989); cf. 28 U.S.C. § 1654.

Third, even assuming, *arguendo*, that Mr. Freeland has standing or authority to represent the limited liability company, the Kansas Lawsuit is an action against the

---

[5] See Loren v. Blue Cross & Blue Shield of Michigan, 505 F.3d 598 (6th Cir. 2007) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*").

3

Debtors, rather than an action against property of the estate.[6]  Because the court entered a discharge on August 7, 2009, the automatic stay terminated as to the Debtors on that date by operation of law.  See 11 U.S.C. § 362(c)(2)(C).  If the plaintiffs in the Kansas court wish to pursue claims against entities other than the Debtors, or if Mr. Freeland wishes to do so, the automatic stay is no impediment. Therefore, to the extent the Motion seeks relief from the automatic stay, the Motion is now moot -- another jurisdictional deficiency.  Libertarian Party of Ohio v. Blackwell, 462 F.3d 579, 582 (6th Cir. 2006) (court lacks jurisdiction to hear moot claim).

However, the termination of the automatic stay does not now allow Mr. Freeland or others to pursue the Debtors in the Kansas Lawsuit or elsewhere, if the debts at issue in that court are within the scope of the discharge. Upon entry of the Debtors' discharge on August 7, 2009, the more durable "discharge injunction" took effect, picking up where the automatic stay left off.  See 11 U.S.C. § 524.  Relief from that separate statutory injunction depends upon a creditor's ability to establish in an adversary proceeding that the debt at issue falls within one or more of the exceptions enumerated in 11 U.S.C. § 523(a). Thus, the proper way to get relief from the discharge injunction is to seek a judgment excepting a debt from the discharge under 11 U.S.C. § 523.  Mr. Freeland has filed just such a complaint, and if he is a proper plaintiff in the resulting adversary proceeding, he may attempt to establish a case for excepting his specific debt from discharge.

Because the court is not satisfied that it has jurisdiction or that Mr. Freeland may speak for Free Land, LLC, and because the automatic stay terminated upon entry of the

---

[6] By Mr. Freeland's own account, the Indiana Farm is not included within the Debtor's estate, so the automatic stay does not protect that property.

4

discharge, the court cannot find cause to grant the Motion. Therefore, the court will enter a separate order denying the Motion.

Date: September 22, 2009

Scott W. Dales
United States Bankruptcy Judge